## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 14 2017, 10:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Glenn Dillard,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 14, 2017

Court of Appeals Case No.
49A05-1706-CR-1189

Appeal from the Marion Superior Court

The Honorable Matthew A. Tandy, Judge Pro Tem

Trial Court Cause No.
49G24-1609-CM-38068

**Vaidik, Chief Judge.**

# Case Summary

Glenn Dillard appeals his conviction for Class A misdemeanor dealing in paraphernalia. He contends that the evidence is insufficient to support his conviction. Finding sufficient evidence, we affirm.

# Facts and Procedural History

On September 23, 2016, a narcotics unit with the Indianapolis Metropolitan Police Department was conducting an undercover operation on the east side of Indianapolis near 10th and Rural Streets. That night, Officer Kent Meier was "slow rolling" eastbound on 10th Street when Dillard motioned for him to turn around. Tr. Vol. II p. 10. After Officer Meier turned around, Dillard approached his car and asked him what he needed. Officer Meier responded "slow motion" (heroin) or "smoke" (marijuana). *Id.* at 11. Dillard said that he could take care of Officer Meier and then jumped into the passenger seat of the officer's car. As Officer Meier continued westbound on 10th Street, Dillard told him that he did not actually have those drugs with him but that he would "take [Officer Meier] down an alley to a residence for $20 of heroin or weed." *Id.* at 12. Scared of being ambushed, Officer Meier continued driving. As Officer Meier was about to let Dillard out of his car, Dillard mentioned having some "hard" (crack cocaine) with him. *Id.* Officer Meier asked him how much, and Dillard said "a nickel," which is about $5 worth of crack cocaine. *Id.* Dillard also said he had a pipe with him and that Officer Meier could buy both for $20. *Id.* at 12-13. Dillard then showed Officer Meier the pipe and said that the crack

cocaine was inside. According to Officer Meier, the pipe was a "crack pipe," which is used to smoke crack cocaine. *Id.* at 13. Dillard, however, put his thumb or finger over the top of the pipe, concealing the inside of the pipe. Officer Meier then gave Dillard $20 in prerecorded buy money "for the pipe and what was believed to be crack cocaine inside the pipe," pulled over, and let Dillard out of his car. *Id.* at 12. After pulling away, Officer Meier radioed other officers, who then arrested Dillard. Upon being searched, the $20 in prerecorded buy money was found on Dillard's person. The pipe was tested, and it was found to contain cocaine residue, but no measurable amount of cocaine.

[3] Thereafter, the State charged Dillard with Class A misdemeanor dealing in paraphernalia. Following a bench trial, Dillard was found guilty.

[4] Dillard now appeals.

# Discussion and Decision

[5] Dillard contends that the evidence is insufficient to support his conviction. When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the judgment. *Sallee v. State*, 51 N.E.3d 130, 133 (Ind. 2016). It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* It is not necessary that the evidence "overcome every

reasonable hypothesis of innocence." *Id.* (quotation omitted). The evidence is sufficient if an inference may reasonably be drawn from it to support the judgment. *Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007).

[6] In order to convict Dillard of Class A misdemeanor dealing in paraphernalia as charged here, the State had to prove that he knowingly or intentionally delivered an object—a pipe—that was intended, designed, or marketed to be used primarily for ingesting, inhaling, or otherwise introducing into the human body a controlled substance, specifically, cocaine. Ind. Code § 35-48-4-8.5; Appellant's App. Vol. II p. 18. Dillard claims that the evidence is insufficient to support his conviction for dealing in paraphernalia because "the transaction was for cocaine and it was simply packaged in the pipe . . . the same as if it were in a baggie or a cigarette." Appellant's Br. p. 8; *see also id.* ("If the cocaine was contained in a small piece of paper that the officer received, and the officer then unwrapped and snorted off the paper, would that interaction constitute dealing in paraphernalia? Certainly not . . . ."). Dillard's argument, however, ignores the evidence in the record. That is, although Officer Meier initially sought to buy heroin or marijuana from Dillard, that plan changed when Dillard told him that he did not have either one. As Officer Meier was getting ready to let Dillard out of his car, Dillard offered to sell Officer Meier $5 worth of crack cocaine **and** his crack pipe for $20. Contrary to Dillard's argument on appeal, the sale of the crack pipe was not "incidental" to their transaction. *Id.* We therefore affirm Dillard's conviction for Class A misdemeanor dealing in paraphernalia.

Affirmed.

Mathias, J., and Crone, J., concur.